UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ARDELL HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>LYDIA ROMERO, et al.,<br><br>    Defendants. | No. 2:14-cv-1807-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, plaintiff seeks leave to proceed in forma pauperis. His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, his application for leave to proceed in forma pauperis is granted.

**I.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.   Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be dismissed for failure to state a claim.  Plaintiff alleges that he slipped on the floor in front of the kitchen supervisor's office, causing injury to his neck and head.  He alleges that it was subsequently determined that the floor had not been properly re-surfaced to prevent slips.  The allegations are of a typical state tort claims but do not demonstrate a cognizable federal question claim.

/////

Plaintiff does not identify any specific claims for relief, but his allegations suggest a state law claim of negligence at worst, and are not sufficient to state a cognizable claim for a violation of his federal constitutional rights. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To succeed on such an Eighth Amendment claim, a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Id.* at 834. To show deliberate indifference, the prisoner must establish that the defendant knew of and disregarded an excessive risk to inmate health or safety – "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A prison official may thus be free from liability if he or she did not know of the risk or took reasonable action in response to the risk. *Id.* at 844.

Even liberally construed, the complaint does not state a claim for an Eight Amendment violation as there are no facts supporting a finding of deliberate indifference. In the context of a slippery floor, a simple claim of negligence is not actionable under the Eighth Amendment, because "[t]he Constitution does not mandate comfortable prisons," and a prisoner's bare complaint about a slippery floor does not state even an arguable claim for cruel and unusual punishment." *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (internal quotation omitted). *See also Thompson v. McMahon*, No, EDCV 12-1020-FMO (JEM), 2013 U.S. Dist. LEXIS 132266 (C.D. Cal. Sept. 16, 2013) (negligence claim arising from prisoner's fall at work not elevated into a federal cause of action; listing similar cases); *Brown v. Brasher*, No. CIV S-10-0479-MCE-EFB, 2012 U.S. Dist. LEXIS 24379 (E.D. Cal. Feb. 27, 2012) (mobility impaired

1  inmate's claim regarding slipping and falling in a puddle caused by a water leak could only
2  support a tort claim of negligence).  Where the condition complained of is not objectively
3  inhumane in violation of the Eighth Amendment, the prisoner must show that the condition
4  "exacerbated the inherent dangerousness of already-existing hazards, such that those hazards
5  'seriously threatened'" the prisoner's safety and security. *Osolinski v. Kane*, 92 F.3d 934, 938
6  (9th Cir. 1996) (citing *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985)).

7  Here, plaintiff's allegations that he sustained an injury from a slip and fall demonstrate
8  negligence at most.  There are no facts demonstrating that any individual defendant knew of an
9  objectively serious risk to plaintiff and disregarded that risk.  Rather, the allegations suggest that
10 prison officials were not even aware of any problem with the floor until plaintiff fell on it.  Thus,
11 there are no exacerbating circumstances that could elevate this simple negligence claim into a
12 federal cause of action. *See, e.g., Wallace v. Haythorne*, No. 06-1697-MCE-GGH P, 2007 U.S.
13 Dist. LEXIS 76330 (E.D. Cal. Oct. 15, 2007) (no Eighth Amendment violation when inmate fell
14 after his foot slipped into a hole in the floor caused by a missing tile, even if defendants knew that
15 holes had caused others to trip).

16 Because the deficiencies in plaintiff's claim cannot be cured by further amendment, the
17 complaint is dismissed without leave to amend. *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th
18 Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is
19 absolutely clear that the deficiencies of the complaint could not be cured by amendment."
20 (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A]
21 district court should grant leave to amend even if no request to amend the pleading was made,
22 unless it determines that the pleading could not be cured by the allegation of other facts.").

23 **III.    Summary of Order**
24 Accordingly, IT IS HEREBY ORDERED that:
25 1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.
26 /////
27 /////
28 /////

2. This action is dismissed for failure to state a claim and the Clerk is directed to close the case.

DATED: May 5, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE